DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant, Taylor Wynn, appeals the sentence of the Lorain County Court of Common Pleas. This Court affirms.
 I.
Wynn was charged with attempted murder, aggravated robbery, aggravated burglary, felonious assault, and burglary. Wynn pled guilty to each of the five counts as charged.
The court sentenced Wynn to nine years for attempted murder, to run consecutively with three years for aggravated robbery. Counts three and four (aggravated burglary and felonious assault respectively) were merged as allied offenses of similar import. Wynn was sentenced to six months for burglary, concurrent to his aggregate twelve year sentence.
Wynn has now appealed, alleging one assignment of error.
 II. ASSIGNMENT OF ERROR The trial court erred when it sentenced appellant to serve the consecutive sentences of nine years on the offense of attempted murder and three years on the offense of aggravated robbery, without making the requisite three tiered analysis on the record as mandated by R.C. 2929.19(B).
Under R.C. 2929.14(E)(4)(b) and (c), a court is empowered to impose consecutive prison terms if such terms are necessary to protect the public from future crime or to punish the offender, the terms are not disproportionate to the seriousness of the offense and the danger posed to the public, and the harm caused by the multiple offenses was so great that no single prison term would adequately reflect the seriousness of the crime, and/or the offender's criminal history manifests a need to protect the public from future crime. Each of these findings was expressly set forth in the journal entry of sentence. This satisfies the trial court's duty pursuant to R.C. 2929.14(E)(4). See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported. Accordingly, Wynn's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J. CONCURS